**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

PREMIER EARTHWORKS & INFRASTRUCTURE, INC., a Colorado corporation,

 Plaintiff,

v.

CMI ROADBUILDING, INC., a Delaware corporation.

 Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

  Plaintiff Premier Earthworks & Infrastructure, Inc. ("Premier"), through counsel, hereby asserts the following complaint against Defendant CMI Roadbuilding, Inc. ("CMI"), as follows:

**NATURE OF THE CASE**

  Plaintiff Premier is a corporation in the infrastructure and excavation industry. Defendant CMI is a heavy equipment manufacturing company, offering products within the roadbuilding and construction sectors, including the RexPactor, a high-speed soil and embankment compactor. In July 2016, Premier contracted with CMI for the purchase and delivery of 20 RexPactors for $5,500,000. CMI did not timely deliver the first 15 RexPactors (after which Premier canceled the remaining machines due under the July order). Instead, the deliveries occurred months after the contractual delivery dates. Moreover, once delivered, the RexPactors failed to function properly and required extensive repairs, including major replacement of axles and other essential parts. The replacement axles failed to remedy the issues with the RexPactors, and despite repeated requests,

CMI has refused to otherwise address the problems giving rise to this action, nor has CMI reimbursed Premier for the costs it incurred due to delayed delivery and the damages suffered as a result of the defective equipment.

## PARTIES

1.      Plaintiff Premier Earthworks & Infrastructure, Inc. is a Colorado corporation with a principal place of business at 5600 S. Quebec St., Suite 107A, Greenwood Village, Colorado 80111.

2.      Defendant CMI Roadbuilding, Inc. is a Delaware corporation with a principal place of business at 315 Hudiburg Circle, Oklahoma City, Oklahoma 73108.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff Premier and defendant CMI and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim alleged herein occurred in this judicial district.

## GENERAL ALLEGATIONS

5.      Premier is a corporation in the infrastructure and excavation industry.

6.      CMI is a heavy equipment manufacturing company, offering products within the roadbuilding and construction sectors, including the RexPactor, a high-speed soil and embankment compactor.

**The Parties' Agreement**

7. On or about July 2, 2016, CMI sent Proposal No. P161557 to Premier for the purchase of 20 SP-3 RexPactors at the price of $275,000 each, or $5,500,000 total (the "Agreement"). A true and correct copy of the Agreement is attached here as <u>Exhibit 1</u>.

8. Premier accepted the proposal and promptly secured financing for the purchase of the RexPactors.

9. CMI agreed that the units would be delivered as follows:

- The first unit would be delivered within two to three weeks;
- The next two units within six weeks;
- The next seven units within 14 weeks;
- The next five units within 20 weeks; and
- The final five units within 24 weeks.

**The Untimely Delivery of the Equipment**

10. CMI eventually delivered 15 RexPactors to Premier (referred to herein as RexPactors Nos. 1 through 15).

11. With the delivery of each RexPactor, CMI included an "original invoice" that referenced Proposal No. P161557 and included a warranty of "One (1) year or 2000 hours." True and correct copies of the original invoices for RexPactors Nos. 1, 2, and 4 through 13 are attached here as <u>Exhibit 2</u>.[1]

12. CMI did not timely deliver the RexPactors. Instead, the deliveries were made many months after the agreed upon delivery dates.

---

[1] Premier is unable to locate the original invoice for RexPactor No. 3, and RexPactors Nos. 14 and 15 were never purchased by Premier for the reasons set forth below.

13. For example, on October 11, 2016, Premier paid CMI $550,000 for two RexPactors due to be delivered within two to three weeks of that date. But CMI did not deliver the first RexPactor to Premier until March 14, 2017.

14. Due to CMI's failure to deliver the RexPactors by the agreed upon delivery dates, Premier was forced to rent equipment from other entities in order to timely perform its construction contracts.

15. As a further consequence of CMI's failure to timely deliver the RexPactors, Premier paid significant carrying costs, including interest and principal, related to the equipment it timely funded but either received late or received in a defective condition or both.

**The Equipment Defects and CMI's Failure to Remedy Such Defects**

16. Upon the eventual delivery of the RexPactors by CMI, Premier began experiencing problems with the equipment. The RexPactors—sold as brand-new machines—immediately and consistently broke down and required attention and repairs, causing additional losses in efficiency, production, and profit.

17. The issues with the RexPactors were so numerous and severe, CMI instructed that RexPactors Nos. 14 and 15 should be used for parts to repair RexPactors Nos. 1 through 13.

18. As a result of the aforementioned problems, on August 4, 2017, Premier requested that CMI not deliver the remaining RexPactors identified in the Agreement. No additional RexPactors were delivered by CMI after that date.

19. In or about August 2017, CMI contracted with mechanic Tom Servold to inspect and repair the various defective RexPactors.

20. After inspection, Mr. Servold confirmed that the RexPactors suffered from various problems and defects, including broken axle shafts and issues with the locking differentials.

21. The RexPactors also required costly replacement pads despite being in the field for less than a year.

22. After paying for supposedly brand new RexPactors, Premier was forced to store and maintain the RexPactors while the parties addressed (or while Premier attempted to address) a resolution of these issues.

23. Eventually, in January 2018, CMI instructed Premier to transport the defective RexPactors to Premier's facility so that the axle shafts could be replaced.

24. Although CMI agreed to reimburse Premier for the costs associated with the storage and transportation of the defective RexPactors, CMI has yet to reimburse Premier. Further, the replacement axles were also defective and, thus, the RexPactors remain nonoperational.

25. Despite Mr. Servold's efforts and numerous requests by Premier, CMI has failed to satisfactorily address the problems with the RexPactors.

26. CMI has also refused or otherwise failed to reimburse Premier for the costs and damages that Premier incurred due to CMI's delays and the defective RexPactors.

27. All conditions precedent to bringing this action have been met, have occurred, or have been waived, and no conditions remain.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

28. Premier incorporates the allegations set forth above.

29. Premier and CMI are parties to a contract, referenced above as the Agreement.

30. Premier substantially complied with its obligations under the Agreement.

31. CMI breached the Agreement by failing to perform certain contractual duties owed to Premier, including but not limited to CMI's contractual obligation to timely deliver the RexPactors and to deliver functioning RexPactors in good working condition.

32. CMI's breach has damaged Premier in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty)

33. Premier incorporates the allegations set forth above.

34. CMI sold and expressly warranted the RexPactors to Premier for one year or 2,000 hours.

35. Premier reasonably expected to use the RexPactors in the scope of its business.

36. The RexPactors were defective and not as warranted by CMI.

37. Premier notified CMI of the breach of express warranty within a reasonable time after Premier discovered such breach.

38. CMI's breach has damaged Premier in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranty)

39. Premier incorporates the allegations set forth above.

40. CMI is a heavy equipment manufacturing company and merchant, offering products within the roadbuilding and construction sectors.

41. CMI sold the RexPactors to Premier.

42. Premier reasonably expected to use the RexPactors in the scope of its business.

43. The RexPactors were defective and not of merchantable quality at the time of the sale.

44. The RexPactors were not fit for the ordinary purposes for which RexPactors are used.

45. Premier notified CMI of the breach of implied warranty within a reasonable time after Premier discovered such breach.

46. CMI's breach has damaged Premier in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Premier Earthworks & Infrastructure, Inc. requests an award of relief, including but not limited to:

1. All damages and/or losses arising from or relating to the defendant's breach of contract, in an amount to be proven at trial;

2. All damages and/or losses arising from or relating to the defendant's breach of the express and implied warranties, in an amount to be proven at trial;

3. All pre and post-judgment interest as well as attorneys' fees and costs to the extent permitted by law; and

4. Such other relief as this Court deems just and proper.

## JURY DEMAND

Premier Earthworks & Infrastructure, Inc. demands a trial by jury on all issues so triable.

///
///
///
///

Dated this 6th day of June, 2018 in Denver, Colorado.

Respectfully submitted,

s/ Christopher P. Carrington
Christopher P. Carrington
Moly S. Ballard
RICHARDS CARRINGTON, LLC
1700 Lincoln Street, Suite 3400
Denver, Colorado 80203
Telephone: 303-962-2690
Facsimile:  303-962-2691
Email: chris@richardscarrington.com
       molly@richardscarrington.com
*Attorneys for Plaintiff Premier Earthworks & Infrastructure, Inc.*

Premier Earthworks & Infrastructure, Inc.
5600 S. Quebec St., Suite 107A
Greenwood Village, Colorado 80111